November 5, 1906.

———o———

No. 4020.

(Court of Appeal, Parish of Orleans.)

AMELIA RICHARME vs UNION FERRY COMPANY,

1. The defendant was guilty of gross negligence in failing to have in its employ a competent man on its ferry boat to attend the "exit bar," and the disembarking of passengers.
2. The fact that the "exit bar" was not removed by one of its employees, but by a passenger or some person not in its employ, does not relieve defendant of liability.
3. Plaintiff being the last of the fifteen or twenty passengers on the ferry boat to leave the ferry boat, it is reasonably clear that she exercised prudence and care, and did not contribute to the accident.

Appeal from Civil District Court, Division C.

Armand Romain for plaintiff and appellee.

Frank E. Rainold for defendant and appellant.

ESTOPINAL, J. The defendant is sued for Two Thousand Dollars ($2,000.00), plaintiff averring that through the negligence of its employees she fell in between defendant's ferry boat and the pontoon, and sustained severe and painful injuries.

A careful reading of the testimony satisfies us that the defendant company did not exercise that care and prudence which it should, and has therefore made itself liable in damages for the injuries sustained by plaintiff, who, we are satisfied,

6

from testimony found in the record, did not contribute to the accident and has not lost her right to recover damages commensurate with the hurts suffered by her.

We are clear that, even though, as is shown by the record, the *exit bar*, the removal of which was an invitation to the passengers to disembark, had not been removed by an employee of the defendant, the consequence of its removal was as if done by its employee.

It is plainly the duty of the company not only to have a man in its employ whose duty it is to remove the exit bar at the *proper time*, but whose further and perhaps greater duty should be to see to it that the bar is not removed or handled by passengers or others not in the employ of the Company.

It is shown that there were fifteen or twenty passengers in the ferry boat, and that when it reached the New Orleans side of the river some one removed the bar and all of the passengers disembarked; that an employee of the Ferry Company whose duty was to attend the exit bar, stood within three feet of said exit, and made no effort to prevent the passengers from disembarking. The removal of this bar was an invitation to the passengers to leave the boat, and it was reasonable for the plaintiff, who had the prudence to avoid the rush and was the last passenger to leave the boat, to believe that she could safely do so.

Defendant suggests that plaintiff should have stopped and looked before stepping off. We are satisfied that she did and saw as much as the lights on the pontoon and boat would permit. The light was deficient, and in this, defendant was guilty of gross negligence.

It is the uniform jurisprudence that carriers of passengers by water and rail must exercise even greater care and prudence than carriers by other modes of conveyance

Hutchinson on Carriers Secs. 504-515 E. American and English Encylopaedia of Law Vol. 5 pp. 561-563 ; Julien vs. Steamer Wade Hampton 27 An. 378.

In Buechner vs. City, 112, La., 605, the Court said :

"Even an adult has the right to presume that a public passage way is "safe, and is not negligent for not looking for an unlawful obstruction. "We reiterate here the principles enunciated by us in the case of Flesch vs. the Union Ferry Company, Court of Appeal Reports, Vol. 11, p. 359 : "That

7

it was the duty of the defendant to employ skillful and competent servants; that the boat, upon reaching its landing place, should have been securely tied or made fast before removing the exit bar which permits passengers to disembark."

In the instant case though the fact as relates to the circumstance of the removal of the "Exit bar", is unlike this circumstance in the Flesch case in that the "bar" in the instant case was removed by a passenger, the defendant is none the less blameable and liable.

The record shows that plaintiff who is an old lady seventy-five years of age and a mid-wife by occupation, besides having been severely bruised from the effects of which the attending physician says she will probably always be troubled, sustained further damages for the reason that she was incapacitated from practicing her profession and lost several cases. She was put to some expense for medical treatment.

Plaintiff sued for Two Thousand dollars ($2000.00), and our esteemed brother of the District Court who saw and heard the witnesses gave judgment for Five Hundred dollars ($500.00), which award we deem reasonable and warranted by law and the facts.

The judgment appealed from is affirmed.

November 5, 1906.

Rehearing refused December 3, 1906.